ORIGINAL

FILED
JAN 5 2016
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MOHAMMAD KHALID BAHA, QUDSIA BADGHISY MOHAMMED HAMID BAHA, FARIHA SAMADZADA FAHIMA AHRARY, AFIFA BAHA, TOOBA BAHA, and KOBRA BAHA KAKAR,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 15-1349C<br>(Judge Firestone) |

## DEFENDANT'S RELY IN SUPPORT OF
## ITS MOTION TO CONSOLIDATE AND STAY PROCEEDINGS

In our motion to consolidate and stay proceedings, we demonstrated that the Court should consolidate this matter with *Baha v. United States*, No. 14-494C, and stay proceedings pending resolution of the lawsuit between plaintiffs and Mr. Tariq Baha in the California Superior Court (*Baha v. Baha*, MSC14-01927 (Contra Costa Co. Sup. Ct.)). In response, the plaintiffs do not oppose our motion to consolidate. However, they argue that proceedings should not be stayed pending resolution of *Baha v. Baha* on the grounds that this Court purportedly already has ruled that they are legal heirs. Pls. Opp. to Def. Mot. to Consolidate and Stay, 1 (Pls. Resp.), Dec. 28, 2015, ECF No. 8. Because plaintiffs' interpretation of the Court's order is incorrect, the Court should enter the proposed stay of proceedings.

In its order entered in No. 14-494C, this Court held that "Mr. Bahaouddin's other children and his widow *may* have an interest in the outcome of this litigation[.]" *Baha v. United States*, 14-494C, Order at 12, Aug. 24, 2015, ECF No. 20 (emphasis added). This Court clearly indicated that "[t]he court does *not* have sufficient information at this time to determine whether

Mr. Baha is correct regarding the laws of Afghanistan." *Id.* at 13 (emphasis added).[1] Therefore, there has been no resolution of the issue of who — if anyone — is entitled to rent for the Jill Fab house, which is a crucial predicate fact in this case. Def. Mot. 2. Plaintiffs do not dispute that that issue is crucial to this case. Nor do plaintiffs dispute that *Baha v. Baha* will resolve that issue. Therefore, this Court should stay proceedings pending a decision on that issue in *Baha v. Baha*.

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976) — upon which plaintiffs rely — is irrelevant. That case addresses the abstention doctrine, under which a Court refrains entirely from considering a case by dismissing the case. *Id.* Here, we are not seeking to have this Court dismiss the plaintiffs' action under the abstention doctrine. Def. Mot. Rather, the issue here is whether this Court should temporarily stay proceedings pending resolution of another case. *Id.* Therefore, *Colorado River* is irrelevant.

## **CONCLUSION**

For these reasons, and the reasons set forth in our moving brief, we respectfully request that the Court consolidate *Baha v. United States*, No. 14-494C, and *Baha v. United States*, No. 15-1349C, and that the Court stay proceedings in these consolidated cases until resolution of the case among the relatives pending in the California Superior Court.

---

[1] Contrary to plaintiffs' assertion, Pls. Resp. 2, the Government cannot contemplate settlement until it knows who is entitled to any rent for the Jill Fab house.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

*/s/ Franklin E. White, Jr.*
FRANKLIN E. WHITE, JR.
Assistant Director

*/s/ James Sweet*
JAMES SWEET
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
PO Box 480
Ben Franklin Station
Washington, D.C. 20044
Tele: (202) 353-9369

January 4, 2016                 Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January, 2016, I caused to be placed in the United States mail (first-class, postage prepaid), copies of this "DEFENDANT'S RELY IN SUPPORT OF ITS MOTION TO CONSOLIDATE AND STAY PROCEEDINGS" addressed as follows:

Mohammed Khalid Baha
661 Logan Lane
Danville, CA 94526

*/s/ James Sweet*

4