**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| MUHAMMAD TARIQ BAHA, | ) | |
| | ) | |
| Plaintiff, | ) | Nos. 14-494C & 15-1349C |
| | ) | (Senior Judge Firestone) |
| and | ) | |
| | ) | |
| BAHA et al., | ) | |
| | ) | |
| *Pro Se* Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT OF *PRO SE* PLAINTIFFS**

For its answer to the complaint in No. 15-1349C, defendant admits, denies, and alleges as follows:

1.      Admits the allegations contained in the first sentence of paragraph 1 that the United States occupied a residential home in Kabul, Afghanistan from approximately September 2003 to approximately March 2014; the remaining allegations contained in the first sentence of paragraph 1 are plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  Admits the allegations contained in the second sentence of paragraph 1 that the United States made payments that were to be for rent of the premises from approximately September 2009 to approximately September 2012; otherwise, denies the allegations contained in the second sentence of paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  Denies the allegations contained in the third sentence of paragraph

1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2.      The allegations contained in paragraph 2 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3.      Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

4.      Admits.

5.      Denies the allegation contained in the first sentence of paragraph 5 that Muhammad Tariq Baha acted on behalf of all named plaintiffs for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted; otherwise admits the allegations contained in the first sentence of paragraph 5 to the extent support by the document cited, which is the best evidence of its contents; otherwise denies the allegations.   Admits the allegations contained in the second sentence of paragraph 5 to the extent support by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 5.  Denies the allegation contained in the third sentence of paragraph 5 that the United States simply refused to provide Muhammad Tariq Baha a copy of the written lease agreement; denies the remainder of the allegations contained in the third sentence of paragraph 5 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

6.      Denies the allegation contained in the first sentence of paragraph 6 that Muhammad Tariq Baha acted on behalf of plaintiffs for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  Admits the remaining allegations contained in paragraph 6 to the extent supported by the document cited, which is the

best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 6.

7.      Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8.      Admits the allegation contained in the second sentence of paragraph 8 that the United States made monetary payments to Muhammad Tariq Baha that were to be for rent; otherwise, denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

9.      Admits the allegation contained in paragraph 9 that the United States made monetary payments to Muhammad Tariq Baha, including three payments of $120,000 each, totaling $360,000 (avers that those payments were to be for rent of the premises from approximately September 2009 to approximately September 2012); otherwise denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

10.      Admits the allegation contained in the second sentence of paragraph 10 that plaintiff Muhammad Khalid Baha informed the Department of Defense that Muhammad Tariq Baha was refusing to pay plaintiffs; otherwise, denies the allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  Avers that the United States Army vacated the premises in or around March 2014.

11.      Denies the allegations contained in the first sentence of paragraph 11 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained in the second sentence of paragraph 11 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations

contained in the second sentence of paragraph 11.

12.     Admits the allegations contained in paragraph 12 to the extent supported by the documents cited; which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 12.

13.     Admits the allegation contained in the second sentence of paragraph 13 that Muhammad Tariq Baha submitted a claim form to the United States in Camp Eggers in Afghanistan; admits the other allegations contained in the second sentence of paragraph 13 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations.  Denies the allegations contained in the first and third sentences of paragraph 13 that Muhammad Tariq Baha took actions that were "unbeknownst to plaintiffs" for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted; admits the remaining allegations contained in the first and third sentences of paragraph 13 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the remaining allegations contained in the first and third sentences of paragraph 13.

14.     Admits the allegation contained in the second sentence of paragraph 14 that plaintiffs sued Muhammad Tariq Baha in California state court; otherwise denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

15.     Admits the allegation contained in the first sentence of paragraph 15 that Muhammad Tariq Baha filed an action in this Court in 2014; denies the remaining allegations contained in the first sentence of paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.  Admits the allegations contained in the

second sentence of paragraph 15, regarding Muhammad Tariq Baha's representations to this Court, to the extent supported by the record in No. 14-494C, which is the best evidence of its contents; otherwise denies the allegations; denies the remaining allegations contained in the second sentence of paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

16.     Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

17.     Admits the allegation contained in the first sentence of paragraph 17 that defendant has refused to make certain payments; otherwise, denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

18.     The allegations contained in the first sentence of paragraph 18 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the second sentence of paragraph 18 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 18

19.     Denies that plaintiffs are entitled to the relief set forth in the prayer for relief that follows paragraph 18 of the complaint, or to any relief whatsoever.

20.     Denies each and every allegation not previously admitted or otherwise qualified.

<u>DEFENDANT'S AFFIRMATIVE DEFENSES</u>

21.     Plaintiffs' claims are barred, in whole or in part, because one of the plaintiffs or Muhammad Tariq Baha or a third party lacked the capacity to execute one or more of the contracts at issue.

22.     Plaintiffs' claims are barred, in whole or in part, because a misrepresentation caused there to be no meeting of the minds to form a valid contract.

23.     Plaintiffs' claims are barred, in whole or in part, because there was a mutual mistake or a unilateral mistake in entering into or carrying out one or more of the contracts at issue.

24.     Plaintiffs' claims are barred, in whole or in part, by a contractual breach, by one of the plaintiffs, by Muhammad Tariq Baha, or by another party, of one or more of the contracts at issue—including (without limitation) a breach in failing to provide the Property in the time or manner called for by a contract—or by the failure of a condition precedent to defendant's performance or the failure or occurrence of a condition subsequent.

25.     Plaintiffs' claims are barred, in whole or in part, because an act or omission effectively repudiated one or more of the contracts or contractual obligations at issue.

26.     Plaintiffs' claims are barred, in whole or in part, because defendant has been released from an obligation or because one of the plaintiffs or Muhammad Tariq Baha waived rights.

27.     Plaintiffs' claims are barred, in whole or in part, by estoppel, acquiescence or consent, ratification, accord and satisfaction, or novation.

28.     Plaintiffs' claims are barred, in whole or in part, by payment by or on behalf of defendant.

29.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, including (without limitation) because of delays in performing one or more of the contracts at issue or in establishing ownership of the Property.

30.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands as applied to one of the plaintiffs or Muhammad Tariq Baha.

31.     Plaintiffs' claims are barred, in whole or in part, because defendant has acted in good faith.

WHEREFORE, defendant requests that the complaint be dismissed, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

OF COUNSEL

/s/ Franklin E. White, Jr.

LTC STEVE RANIERI
Chief, General Litigation Branch
U.S. Army Litigation Division
9275 Gunston Road, Room 3001
Fort Belvoir, VA 22060-5546

FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Andrew W. Lamb
ANDREW W. LAMB
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Telephone:  (202) 616-0465
Facsimile:  (202) 307-0972

May 19, 2017

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that, on May 19, 2017, I electronically filed a copy of the foregoing using the CM/ECF system, which sent a notification of such filing to all counsel of record, and caused to be placed in the United States mail (first-class, postage prepaid) one copy of the foregoing for each individual listed below, with each such copy addressed to its recipient as shown below.

MOHAMMAD KHALID BAHA
661 Logan Lane
Danville, CA 94526

QUDSIA BADGHISY
206 Sierra Vista Bay SW
Calgary, AB T3H3B8
CANADA

MOHAMMED HAMID BAHA
47 Kincora View NW
Calgary, AB T3R1M4
CANADA

FARIHA SAMADZADA
5838 Montiveno Drive
San Jose, CA 95123

FAHIMA AHRARY
Ascherring 11
Hamburg 21035
GERMANY

AFIFA BAHA
10060 Longview Drive
Lone Tree, CO 80124

TOOBA BAHA
4525 Riding Club Court
Hayward, CA 94542

KOBRA BAHA KAKAR
4525 Riding Club Court
Hayward, CA 94542

/s/ Andrew W. Lamb